UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON LOTT<br>2346 14th Street<br>Canton, OH 44705 | ) <br> ) <br> ) <br> ) | CASE NO.<br><br>JUDGE |
| and | ) <br> ) | MAGISTRATE JUDGE |
| TYLER CHARTON<br>9863 Sherman Church Road<br>Bolivar, OH 44612 | ) <br> ) <br> ) <br> ) | **PLAINTIFFS' COMPLAINT** |
| and | ) <br> ) | (Jury Demand Endorsed Herein) |
| RYAN BRIGGS<br>163 Crestview Court<br>Watsonville, CA 95076 | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) <br> ) | |
| vs. | ) <br> ) | |
| RAB COMMUNICATIONS, INC.<br>c/o Statutory Agent Corporation Service<br>Company<br>50 West Broad Street Suite 1330<br>Columbus, OH 43215 | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) | |
| KATZ KABLE LLC<br>c/o Statutory Agent Yisroel Katz<br>6617 Promway Ave NW<br>North Canton, OH 44720 | ) <br> ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) | |
| YISROEL KATZ<br>c/o Katz Kable LLC<br>6617 Promway Ave NW<br>North Canton, OH 44720 | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

Now come Plaintiffs, Brandon Lott, Tyler Charton, and Ryan Briggs, and for their Complaint against RAB Communications, Inc., Katz Kable LLC, and Yisroel Katz (collectively "Defendants") state and allege the following:

## INTRODUCTION

1.      Plaintiffs bring this lawsuit as a result of Defendants' practices and policies of failing to pay their non-exempt employees, including Plaintiffs, the applicable minimum wage for all of the hours they worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.C.S. 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03 and R.C. 4111.14.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendants conduct business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5.      At all times relevant herein, Plaintiff Lott was a citizen of the United States and a resident of Stark County, Ohio.

6.      At all times relevant herein, Plaintiff Charton was a citizen of the United States

2

and a resident of Stark County, Ohio.

7.      At all times relevant herein, Plaintiff Briggs was a citizen of the United States and a resident of Stark County, Ohio.

8.      At all times relevant herein, Defendants conducted business throughout this District and Division, including Cuyahoga County, Ohio.

9.      At all times relevant herein, Defendant RAB Communications, Inc. was a foreign corporation licensed to conduct business in the State of Ohio.

10.     At all times relevant herein, Defendant Katz Kable LLC was a limited liability company organized and existing under the laws of the State of Ohio.

11.     At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

12.     At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

13.     At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14.     At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15.     At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

**FACTUAL ALLEGATIONS**

16.     Defendants are telecommunications companies who provide cable installation and

3

repair services to their customers.

17.     Plaintiff Lott was employed by Defendants as a Cable Technician/Installer between November 2014 and November 2016, and was classified as an independent contractor

18.     Plaintiff Charton was employed by Defendants as a Technician/Cable Installer between 2013 and June of 2015, and was classified as an independent contractor

19.     Plaintiff Briggs was employed by Defendants as a Cable Installer between September 2013 and June 2015, and was classified as an independent contractor.

20.     Defendants paid Plaintiffs on a points-based system based on their productivity.

**(Misclassification of Plaintiffs as Independent Contractors)**

21.     Defendants improperly classified Plaintiffs as independent contractors.

22.     Defendants hired/fired, issued pay, supervised, directed, disciplined, and scheduled Plaintiffs work, and performed all other duties generally associated with that of an employer with regard to Plaintiffs.

23.     Plaintiffs constituted the workforce without which Defendants could not perform their operations.

24.     Defendants controlled the manner in which Plaintiffs performed their work including, without limitation, the hours they worked, the days they worked, the location(s) they worked, how they performed their work, and the rules and policies that they were required to follow.

25.     Plaintiffs did not hire their own workers, were not responsible for finding their own clients, and were not able to work for other companies due to the amount of work Defendants assigned them.

26.     Moreover, the following conduct demonstrates that Defendants acted as an

4

employer with respect to Plaintiffs:

   a.  Defendants paid Plaintiffs on a point system based on points for each job;

   b.  Defendants established the point rate for each job;

   c.  Defendants requires Plaintiffs to report to their assigned jobs at a
       predetermined scheduled time; they were not permitted to decline job; and
       they were required to work until all job orders were filled/completed;

   d.  Defendants required Plaintiff to come to their office every morning to get
       equipment and assignments;

   e.  Defendants assigned Plaintiffs job assignments and had control over how
       many job assignments Plaintiff received;

   f.  Plaintiffs had no control over what jobs or areas they were assigned to or over
       where they performed their work;

   g.  Defendants controlled the amount of hours Plaintiffs worked;

   h.  Defendants dictated the locations at which Plaintiffs traveled and worked;

   i.  Plaintiffs were fully integrated into Defendants' operations;

   j.  Plaintiffs worked for Defendants for long and indefinite periods of time, as is
       common with employees; and

   k.  Defendants had rules that Plaintiffs were required to follow when performing
       their jobs.

27.   Despite these facts, Defendants improperly classified Plaintiffs as independent
contractors, not as employees.

**(Failure to Pay Minimum Wage)**

28.   Plaintiffs Lott and Briggs were frequently paid less than the applicable minimum

5

wage for all of the hours they worked each workweek.

29.     Defendants deducted Plaintiffs' wages for equipment, tools, and quality issues and as such, Plaintiffs were frequently paid less than the applicable minimum wage for all of the hours they worked each workweek.

**(Failure to Pay Overtime Compensation)**

30.     Plaintiffs frequently worked more than 40 hours per week, but Defendant failed to pay them overtime compensation at a rate of one and one half their regular hourly rate for the hours they worked over 40 each workweek.

31.     Plaintiff Lott estimates that he worked on average approximately 50 hours per week for Defendant during his employment.

32.     Plaintiff Charton estimates that he worked on average approximately 60 hours per week for Defendant during his employment.

33.     Plaintiff Briggs estimates that he worked on average approximately 60 hours per week for Defendant during his employment.

**(Failure to Keep Accurate Records)**

34.     Defendants failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiffs.

**(Defendants Willfully Violated the FLSA and OMFWSA)**

35.     Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA and OMFWSA.

**<u>COUNT ONE</u>**
**(Fair Labor Standards Act Violations)**

36.     Plaintiffs incorporates by reference the foregoing allegations as if fully rewritten herein.

37.     Defendants' practice and policy of misclassifying Plaintiffs as independent contractors violated the FLSA, 29 U.S.C. §§ 201-219.

38.     Defendants' practice and policy of not paying Plaintiffs overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

39.     Defendants' practice and policy of not paying Plaintiffs the applicable minimum wage for all of the hours they worked each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

40.     Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs technicians violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

41.     By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

42.     As a result of Defendants' practices and policies, Plaintiffs have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Minimum Wage Standards Act)

43.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

44.     Defendants' practice and policy of misclassifying Plaintiffs as independent contractors violated the OMFWSA, R.C. 4111.03.

45.     Defendants' practice and policy of not paying Plaintiffs the applicable minimum wage for all of the hours they worked each workweek violated the OMFWSA, R.C. § 4111.14.

46.     Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs violated the OMFWSA, R.C. 4111.08.

7

47.     By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

48.     As a result of Defendants' practices and policies, Plaintiffs have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs collectively pray that this Honorable Court find Defendants jointly and severally liable, and:

A.      Award Plaintiffs actual damages for unpaid wages;

B.      Award Plaintiffs represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiffs under the FLSA;

C.      Award Plaintiffs liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiffs under the OMFWSA;

D.      Award Plaintiffs represents pre- and post-judgment interest at the statutory rate;

E.      Award Plaintiffs attorneys' fees, costs, and disbursements; and

F.      Award Plaintiffs further and additional relief as this Court deems just and proper.


Respectfully submitted,

 /s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com

anthony@lazzarolawfirm.com
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury on all eligible claims and issues.

 /s/ Lori M. Griffin
One of the Attorneys for Plaintiffs